Filed 3/8/16  P. v. Kessler CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>WESLEY WILLIAM KESSLER,<br><br>    Defendant and Appellant. | C079257<br><br>(Super. Ct. No. 14F04267) |

Appointed counsel for defendant Wesley William Kessler has asked us to review his conviction pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  Defendant filed a supplemental brief asserting ineffective assistance of counsel at trial.  We will affirm the judgment.

1

**BACKGROUND**

On June 24, 2014, defendant was charged by criminal complaint with felony carrying a concealed dirk or dagger (Pen. Code, § 21310 -- count one)[1] and misdemeanor possession of drug paraphernalia (Health & Saf. Code, § 11364.1 -- count two). The complaint alleged defendant suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12), and that he was ineligible to be sentenced to a term of imprisonment other than in state prison (§ 1170, subd. (h)(3)).

On August 4, 2014, defendant entered a negotiated plea of no contest to count one and admitted the prior strike in exchange for a stipulated sentence of 32 months in state prison and dismissal of the balance of charges and allegations against him. The factual basis for the plea was as follows: On June 23, 2014, defendant, on parole for a prior 2012 conviction for arson, was stopped by a police officer. A three-inch locked blade dirk or dagger was found concealed inside defendant's waistband. Defendant had previously been convicted on November 29, 2012, of arson (§ 451, subd. (d)), a strike.

On October 1, 2014, the trial court sentenced defendant to the low term of 16 months on count one, doubled pursuant to the prior strike, for an aggregate sentence of 32 months in state prison. The court awarded defendant 202 days of presentence custody credit (101 actual days plus 101 days of conduct credit), and imposed "[o]nly mandatory minimum fines and fees" and "each and every condition contained on pages 7 through 9 of the probation report." The relevant pages of the probation report contain the following fees and fines: a $300 restitution fine (§ 1202.4); a $300 parole revocation fine (§ 1202.45), stayed pending successful completion of parole; $702 for the "[c]ost of investigation and presentence report"; $46 for the "monthly cost of probation"; $25 for

---

[1] Further undesignated statutory references are to the Penal Code.

the "cost of urinalysis testing"; a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facility fee (Gov. Code, § 70373).

The abstract of judgment reflects imposition of a $300 restitution fine (§ 1202.4); a $300 parole revocation fine (§ 1202.45), stayed pending successful completion of parole; a $40 court operations assessment (§ 1465.8, subd. (a)(1)); and a $30 court facility fee (Gov. Code, § 70373). The abstract correctly omits the $702 fee for the presentence report and the $46 monthly fee for probation costs, as both fees require an express finding of an ability to pay *and* there was no grant of probation. (See § 1203.1b, subds. (a) & (b).) The $25 fee was also properly omitted from the abstract, as there was no testing order.

On January 6, 2015, defendant filed a petition for reduction of his felony conviction for violation of section 21310 to a misdemeanor pursuant to Proposition 47. The trial court denied the petition, finding defendant ineligible as his current conviction was not subject to reduction under Proposition 47.

On February 17, 2015, defendant filed an untimely notice of appeal and request for certificate of probable cause.

On April 2, 2015, defendant filed an ex parte motion for disposition of fines (§ 1205, subd. (a)) requesting that his fines be converted into days of imprisonment and run concurrent with his confinement. The trial court denied the request.

On June 15, 2015, defendant filed a second notice of appeal and request for certificate of probable cause. On June 19, 2015, defendant filed a third notice of appeal and request for certificate of probable cause. This court granted defendant's request for permission to file a notice of appeal under the constructive filing doctrine and deemed defendant's notice timely for all purposes. Defendant did not secure a certificate of probable cause.

3

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental one-page brief claiming--as far as we are able to discern--that his trial counsel was ineffective for (1) failing to obtain a reduction of his felony conviction for violating section 21310, either by way of a Proposition 47 petition or some other means; and (2) failing to secure an order for "a rehabilitation program" for defendant.

First and foremost, because defendant did not secure a certificate of probable cause, to the extent that he argues ineffective assistance of counsel led him to enter a felony plea instead of a plea to a misdemeanor and thus erroneously receive a (negotiated) felony sentence, his claim is barred. (See *People v. Cuevas* (2008) 44 Cal.4th 374, 381, 382 [where defendant does not directly challenge the plea but challenges "the very sentence he negotiated as part of the plea bargain," he attacks the validity of his plea].) However, because we cannot be sure of the exact nature of defendant's claims, we nevertheless address them briefly.

To establish a claim of ineffective assistance of counsel, defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant. (*People v. Maury* (2003) 30 Cal.4th 342, 389.) "In general, the proper way to raise a claim of ineffective assistance of counsel is by writ of habeas corpus, not appeal." (*In re Dennis H.* (2001) 88 Cal.App.4th 94, 98, fn. 1; accord *People v. Mai* (2013) 57 Cal.4th 986, 1009.)

4

With respect to reduction of defendant's felony conviction to a misdemeanor, Proposition 47 created a resentencing provision, codified in section 1170.18, which provides that a person currently serving a sentence for certain designated felonies may petition for recall of the sentence to reduce the felony to a misdemeanor. Section 21310 is not one of those designated felonies, thus making defendant ineligible for reduction under Proposition 47, as correctly noted in the trial court's denial of defendant's January 6, 2015, petition.

With respect to the remainder of defendant's claims, we cannot discern from this record the reason or reasons why defendant's counsel acted as he did in plea negotiations, nor can we discern what, if anything, occurred regarding defendant's claimed request for "a rehabilitation program." Thus, those matters are more appropriately pursued on habeas corpus, to the extent that defendant's claims, when fleshed out, do not go to the validity of his plea. (See *In re Chavez* (2003) 30 Cal.4th 643, 651 ["A defendant who challenges the validity of [a guilty] plea on the ground that trial counsel rendered ineffective assistance in advice regarding the plea may not circumvent the requirements of section 1237.5 by seeking a writ of habeas corpus"].)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Hull, Acting P. J.

/s/
Hoch, J.